UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 21 2018

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. |
| MARCELLE DA ROCHA GUIMARAES, CARLOS OTAVIO GUIMARAES, and JEMIMA DA ROCHA GUIMARAES, Defendants. | § § § § § | 18 CR 103 |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this indictment:

1. The term "child" means a person who has not attained the age of 16 years pursuant to Title 18, United States Code, Section 1204(b)(1).

2. The term "parental right," with respect to a child, means the right to physical custody of the child –

   (A) whether joint or sole (and includes visiting rights); and

   (B) whether arising by operation of law, court order, or legally binding agreement of the parties, as defined by Title 18, United States Code, Section 1204(b)(2).

## COUNT ONE
### Conspiracy

A. OBJECT OF THE CONSPIRACY

On or about April 1, 2013, and continuing through the date of the return of this indictment, in the Southern District of Texas and elsewhere, Defendants,

**MARCELLE DE ROCHA GUIMARAES,
CARLOS OTAVIO GUIMARAES,** and
**JEMIMA GUIMARAES,**

conspired and agreed with each other, and others known and unknown to the grand jury, to (a) remove a child, Minor Child #1 (MC1), from the United States and retain a child (who has been in the United States) outside the United States with the intent to obstruct the lawful exercise of parental rights of Christopher Scott Brann, the father, in violation of Title 18, United States Code, Section 1204.

B. <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1. The Defendants did remove MC1 from Houston Texas, Southern District of Texas, to the country of Brazil to obstruct the lawful exercise of parental rights of the father, Christopher Brann.

2. The Defendants did and continue to retain the child in Brazil to obstruct the lawful exercise of Christopher Brann's parental rights.

3. The Defendants did and continue to deprive Christopher Brann of physical custody of MC1 in direct contradiction of Court Orders issued by Harris County District Court, located in the State of Texas, United States of America.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, Defendants, **MARCELLE DE ROCHA GUIMARAES, CARLOS OTAVIO GUIMARAES** and **JEMIMA DE ROCHA GUIMARAES** committed various overt acts within the Southern District of Texas and elsewhere, including but not limited to:

1. On April 8, 2013, **MARCELLE DE ROCHA GUIMARAES**, while physically

residing in Houston, Texas, and **JEMIMA DE ROCHA GUIMARAES**, enrolled MC1 (D.O.B. 9/14/2009) in a Brazilian school, *Escola Nova Nossa Infrancia*, owned and run by **JEMIMA DE ROCHA GUIMARAES**. Both **MARCELLE DE ROCHA GUIMARAES** and **JEMIMA DE ROCHA GUIMARAES** as well as Sandra Diniz Goncalves signed the enrollment form.

2. On May 13, 2013, **MARCELLE DE ROCHA GUIMARAES,** accepted a job offer from *Escola Nova Nossa Infrancia* to start working on July 1, 2013 in Brazil.

3. On May 21, 2013, **MARCELLE DE ROCHA GUIMARAES** and Christopher Brann entered into a Rule 11 travel agreement allowing for MC1 to travel to Brazil from July 2, 2013, and requiring MC1 to be returned on July 22, 2013.

4. On or about July 1, 2013, **MARCELLE DE ROCHA GUIMARAES** and MC1 traveled to Brazil.

5. On July 10, 2013, while in Brazil, **MARCELLE DE ROCHA GUIMARAES** files for sole custody of MC1 in Brazilian State Court.   Christopher Brann is not notified of this legal action until after the date **MARCELLE DE ROCHA GUIMARAES** failed to return with MC1 to the United States.

6. On July 22, 2013, **MARCELLE DE ROCHA GUIMARAES** failed to return MC1 to the United States per the Rule 11 agreement.

7. On or about July 27, 2013, **CARLOS OTAVIO GUIMARAES** notified Christopher Brann that **MARCELLE DE ROCHA GUIMARAES** is too sick to travel and cannot board plane with MC1.

8. On or about July 31, 2013, **CARLOS OTAVIO GUIMARAES** sent Christopher Brann an email indicating that MC1 would return on Sunday August 4, 2013, and

provided a confirmation number for the flight.

9. On or about August 3, 2013, **CARLOS OTAVIO GUIMARAES** informed attorney for **MARCELLE DE ROCHA GUIMARAES,** Ricardo L. Ramos, in the United States that MC1 is not returning to the United States. In turn, Ricardo L. Ramos informs attorney Booby Newman, counsel for Christopher Brann that MC1 will remain in Brazil.

10. On or about August 9, 2013, Judge James Lombardino, District Court Judge of the 308th Judicial District, Harris County, Texas, ordered the return of the child to Christopher Brann and grants him sole physical possession of MC1. Both **MARCELLE DE ROCHA GUIMARAES** and Christopher Brann were represented by counsel at the proceeding the order is derived from.

11. On September 22, 2013, **MARCELLE DE ROCHA GUIMARAES** sent an email to Christopher Brann stating:

"I want to continue living in Brazil, where I have better conditions to raise our son and I am willing to talk about visitation. Again, my wish is that we can get into an agreement soon, so we can all move on with our lives. You are Nico's father and therefore for Nico's sake I do not wish to escalate this issue between us. We have talked several times and agreed that here is a great place for Nico. We have the family school, which is recognized here as one of the best schools for his age. In addition, here I have the unique ability to be with Nico and give him all the attention on a daily basis without having to leave him in a day care or nanny's care during the work day. I think it is now at the point we have to think about Nico's best interest."

12. On or about November 2013, **MARCELLE DE ROCHA GUIMARAES** filed documents in Brazilian federal court that are identical to those she filed in Brazilian State Court in July 2013, except for the date which has been altered to July 10, 2013, instead of the original date of April 8, 2013. Both sets of documents are signed by **MARCELLE DE ROCHA GUIMARAES** and her Aunt Sandra Diniz Gonoclaves.

13. As of the date of this indictment, MC1 remains in Brazil in contradiction to Court Orders issued by the 308th District Court of Harris County, Texas, United States of America, depriving Christopher Brann of his parental rights.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT TWO
### International Parental Kidnapping

From on and or about July 1, 2013, and continuing through the date of the return of this indictment, within the Southern District of Texas, and elsewhere,

**MARCELLE DE ROCHA GUIMARAES,
CARLOS OTAVIO GUIMARAES, and
JEMIMA DE ROCHA GUIMARAES,**

defendants herein, did knowingly remove MC1, a child under the age of 16, from the United States and did knowingly retain said child (who had been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights by the father of MC1, Christopher Scott Brann.

**All in violation of Title 18, United States Code, Sections 1204(a) and 2.**

A True Bill:

Original Signature on File

/Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

BY: /s/ Sherri L. Zack
Sherri L. Zack
Assistant United States Attorney
713-567-9374