UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.  4:18-cr-00103 |
| | § | |
| MARCELLE DA ROCHA GUIMARAES, | § | |
| CARLOS OTAVIO GUIMARAES, and | § | |
| JEMIMA DA ROCHA GUIMARAES | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants CARLOS GUIMARAES and JEMIMA GUIMARAES through their attorneys of record submit the attached proposed Jury Instructions.

DATED: April 26, 2018.

Respectfully submitted,
**RUSTY HARDIN & ASSOCIATES LLP**

By:  */s/ Russell Hardin, Jr.*
        Russell Hardin, Jr.
        State Bar No.  19424
        Jennifer E.  Brevorka
        State Bar No.  1725400
5 Houston Center
1401 McKinney Street Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
rhardin@rustyhardin.com
jbrevorka@rustyhardin.com

*Attorneys for Defendant*
*CARLOS OTAVIO GUIMARAES*

**JONES WALKER, LLP**
811 Main Street, Suite 2900
Houston, Texas 77002
Phone: (713) 437-1811
Fax: (713) 437-1946

_/s/ James Ardoin (with permission)_

JAMES ARDOIN
State Bar No. 24045420
SDTX No. 571281
Email: jardoin@joneswalker.com

_Attorney for Defendant_
_JEMIMA DA ROCHA GUIMARAES_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct of the above and foregoing filed via the CM/ECF system which caused service upon all parties on April 26, 2018.

*/s/ Jennifer E. Brevorka*
JENNIFER E.  BREVORKA

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Authority: Fifth Circuit Pattern Jury Instruction 1.03

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_\_.**

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Authority: Fifth Circuit Pattern Jury Instruction 1.04

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

PRESUMPTION OF INNOCENCE,
BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Authority: Fifth Circuit Pattern Jury Instruction 1.05

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Authority: Fifth Circuit Pattern Jury Instruction 1.19

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_\_.**

## MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

Authority: Fifth Circuit Pattern Jury Instruction 1.23

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Authority: Fifth Circuit Pattern Jury Instruction 1.06

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

Authority: Fifth Circuit Pattern Jury Instruction 1.07

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony diff from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Fifth Circuit Pattern Jury Instruction 1.08

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_\_.**

CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

Authority: Fifth Circuit Pattern Jury Instruction 1.09

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

### IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Authority: Fifth Circuit Pattern Jury Instruction 1.10

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER

You have heard the testimony of —————. You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the witness lives, for telling the truth]. It is up to you to decide from what you heard here whether ————— was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all the other factors already mentioned.

Authority: Fifth Circuit Pattern Jury Instruction 1.13

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

EXPERT OPINION TESTIMONY

During the trial you heard the testimony of ——————, who expressed opinions concerning ——————.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Authority: Fifth Circuit Pattern Jury Instruction 1.17

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

CAUTIONARY INSTRUCTION DURING TRIAL—
TRANSCRIPT OF TAPE RECORDED CONVERSATION

Exhibit ——————— has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit ———————.  The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.  It is what you hear on the tape that is evidence, not the transcripts.

Authority: Fifth Circuit Pattern Jury Instruction 1.42

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

TRANSCRIPT OF FOREIGN LANGUAGE—
TAPE RECORDED CONVERSATION

Among the exhibits admitted during the trial were recordings that contained conversations in the Portuguese language.  You were also provided English transcripts of those conversations. The transcripts were provided to you by the government [defendant] so that you can consider the content of the conversations on the recordings.  Whether a transcript is an accurate translation, in whole or in part, is for you to decide.  You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcript[s] accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made.  You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Authority: Fifth Circuit Pattern Jury Instruction 1.42A

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

Authority: Fifth Circuit Pattern Jury Instruction 1.20

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

<u>COUNT ONE</u>

Count One of the Indictment alleges a violation of Title 18, United States Code, Section 371. This law provides that "any person who…conspires to commit any offense" including international parental kidnapping commits a crime against the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of international parental kidnapping;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Authority: Fifth Circuit Pattern Jury Instruction 2.15A (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

DEFENDANT'S INTENT

(1)     For you to find a defendant guilty of conspiracy, the government must prove that the defendant specifically intended that the underlying offense of international parental kidnapping be committed by a member of the conspiracy.  You must consider each defendant separately in this regard.

(2)     The government does not need to prove that an individual defendant intended to commit or facilitate international parental kidnapping himself, only that he agreed that it would be committed by a member of the conspiracy.

Authority: *Ocassio v. United States*, 136 S. Ct. 1423, 1429 (2016) (citing *Salinas v. United States*, 522 U.S. 52, 65 (1997)):  Sixth Circuit Pattern Jury Instructions (Criminal) 3.03(1) (in a different context).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

### "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Authority: Fifth Circuit Pattern Jury Instruction 1.37

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

<u>COUNT TWO</u>

Count Two of the Indictment alleges a violation of Title 18, United States Code, Sections 1204(a) and 2.  This law makes it a crime to remove a child from the United States with intent to obstruct the lawful exercise of parental rights.  For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

*First*: That the defendant removed or attempted to remove a child from the United States, or retained a child (who had been in the United States) outside the United States; and

*Second*: That the defendant did so with the intent to obstruct the lawful exercise of parental rights.

"Child" means a person who has not attained the age of 16 years.

"Parental rights," with respect to a child, means the right to physical custody of the child, whether joint or sole, and includes visitation rights.  The rights to physical custody or visitation can arise in three ways:  by operation of law, by court order, or by a legally binding agreement.

Authority:  Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 1204 (2018 Online Edition) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

AIDING AND ABETTING

Under the aiding and abetting statute, it is not necessary for the government to show that Jemima and Carlos Guimaraes physically committed the crime with which they are charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

You may find Jemima and Carlos Guimaraes guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person, in this case Marcelle Guimaraes, actually committed the offense of international parental kidnapping, and that Jemima and Carlos Guimaraes aided or abetted Marcelle Guimaraes in the commission of the offense.

As you can see, the first requirement is that you find that another person, in this case Marcelle Guimaraes, has committed the crime of international parental kidnapping. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether Jemima and Carlos Guimaraes aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed. A defendant need not know all of the details of the crime committed by the other person.

To establish that Jemima and Carlos Guimaraes knowingly associated themselves with the crime of international parental kidnapping, the government must establish that they intended to obstruct the lawful exercise of parental rights.

To establish that Jemima and Carlos Guimaraes participated in the commission of the crime of international parental kidnapping, the government must prove that they engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.

The mere presence of a defendant where a crime is being committed, even coupled with his knowledge that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether Jemima and Carlos Guimaraes aided or abetted the commission of the crime of international parental kidnapping, ask yourself these questions:

- Did Marcelle Guimaraes commit the offense of international parental kidnapping?

- Did Jemima and Carlos Guimaraes participate in the crime charged as something they wished to bring about?

- Did Jemima and Carlos Guimaraes knowingly associate themselves with the criminal venture?

- Did Jemima and Carlos Guimaraes seek by their actions to make the criminal venture succeed?

If they did, then Jemima and Carlos Guimaraes are aiders and abettors and therefore guilty of the offense.  If, however, your answer to any one of these questions is "no," then Jemima and Carlos Guimaraes are not aiders and abettors, and you must find them not guilty.

Authority:  *United States v. Miller*, 2012 WL 3192739 (D.Vt.  Aug.  7, 2012) (adapted).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ____.**

<u>AFFIRMATIVE DEFENSE</u>

It is an affirmative defense to the offense of international parental kidnapping that the defendant was fleeing an incidence or pattern of domestic violence.  The defendants in this case have raised this defense.  The defendants have the burden of proving this affirmative defense by a preponderance of the evidence.

"Incidence" means the occurrence of.

"Domestic violence" means a physical assault or an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault.  It includes a threat that reasonably places the household member in fear of imminent physical harm, bodily injury, assault or sexual assault.  It also includes emotional violence communicated through verbal threats, nonphysical gestures, or psychological means.

I instruct you that it is a defense to the charge of international parental kidnapping that Defendant Marcelle Guimaraes was fleeing an incidence or pattern of domestic violence if the defendants on trial prove this was the case by a preponderance of the evidence.  As I told you, the defendants have the burden of proving this defense by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true.  In determining whether the defendants have proven this defense, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

It is important for you to remember that the government still bears the burden of proving all the elements of the crimes charged.  The fact that defendants have raised this defense does not relieve the government of its burden.  The government must still prove guilt by proof beyond a reasonable doubt.

If you find defendants prove by a preponderance of the evidence that Defendant Marcelle Guimaraes was fleeing an incidence or pattern of domestic violence, then you must find defendants not guilty of the charge in Count Two.

Authority:  18 U.S.C. § 1204(c)(2) ("It shall be an affirmative defense under [the international parental kidnapping statute] that the defendant was fleeing an incidence or pattern of domestic violence."); *United States v. Huong Thi Kim Ly*, 798 F.Supp.2d 467, 479 (E.D.N.Y. 2011); and Texas Family Code Sec. 71.004(1) (defining "family violence" as "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.")

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____.**

DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Authority: Fifth Circuit Pattern Jury Instruction 1.24